FILED IN CLERK'S OFFICE
U S D C  Atlanta

OCT 23 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TPI HOLDINGS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRAD ROBEY and | ) |
| DOES A THROUGH D, | ) |
| | ) |
| Defendants. | ) |

Civil Action No

**1:06-CV-2557**



**CAP**

## COMPLAINT

Plaintiff TPI Holdings, Inc. ("TPI") states its complaint against Defendants Brad Robey and Does A through D ("Defendants") as follows:

### Nature of the Action

1.    This is an action at law and in equity for trademark infringement, cybersquatting, and unfair competition arising under the federal Lanham Act, codified as amended at 15 U.S.C. §§ 1051-1127, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and the common law.

### Jurisdiction

2    This Court has original and subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the case arises under the

1

Lanham Act, 15 U.S.C. 1051 *et. seq.* and under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

3    This Court has personal jurisdiction over the Defendants because, upon information and belief, Defendants are transacting business within this district, or have otherwise made purposeful contact with this district sufficient to permit the exercise of personal jurisdiction.

4.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### Parties

5.    Plaintiff TPI Holdings, Inc. ("TPI") is a corporation organized under the laws of the State of Delaware with its principal place of business located in Atlanta, Georgia.  TPI is the owner of the trademarks and registrations at issue in this lawsuit.    As used hereinafter, references to "TPI" shall include its predecessors, licensees, and affiliates.

6.    On information and belief, Defendant Brad Robey is an individual doing business under one or more of the following domain names: <onlinetraderads.com>,    <onlinetraderads.net>,    <onlineautotraderads com>. <onlineautotraderads.net>,    <onlinervtrader.net>,    <onlineboattrader net>,

2

<onlineaerotrader.com>, <onlineaerotrader.net>, and <onlinecycletrader.net> and resides at 312 Oak Forest Drive, Jackson, Missouri 63755.

7.      On information and belief, Does A through D are doing business under one or more of the following domain names: <onlinetraderads.com>, <onlinetraderads.net>, <onlineautotraderads.com>, <onlineautotraderads net>, <onlinervtrader.net>, <onlineboattrader.net>, <onlineaerotrader.com>, <onlineaerotrader.net>, <onlinecycletrader.net>.    At this time, their identities remain unknown to Plaintiff.

## FACTUAL BACKGROUND
### Trader's Trademark and Service Mark Rights

8.      For more than thirty (30) years, TPI has adopted and used a family of trademarks using the term "TRADER" together with a vehicle term, such as "AUTO" or "TRUCK" (the "TRADER Marks"), including the marks AUTO TRADER, RV TRADER, BOAT TRADER, AERO TRADER, and CYCLE TRADER, among others.

9.      From the beginning, TPI used the TRADER family of marks in connection with a number of different print publications offering classified advertising respecting different types of vehicles distributed throughout the United States.    In the last ten years, in addition to the print publications, TPI has also offered classified advertising online in connection with the TRADER Marks

3

10.    TPI is the owner of multiple federal registrations for its TRADER Marks, including the following:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| AUTO TRADER | 2390815 | 10/03/2000 |
| AUTO TRADER | 1247037 | 08/02/1983 |
| AUTOTRADER.COM | 2381590 | 08/29/2000 |
| TRADER ONLINE | 2302312 | 12/21/1999 |
| RV TRADER | 2294239 | 11/23/1999 |
| RV TRADER | 1822663 | 02/22/1994 |
| RV TRADERONLINE.COM | 2876679 | 08/24/2004 |
| BOAT TRADER | 2389118 | 09/26/2000 |
| BOAT TRADER | 1208249 | 09/14/1982 |
| BOAT TRADERONLINE.COM | 2873930 | 08/17/2004 |
| AERO TRADER | 2288805 | 10/26/1999 |
| AERO TRADER | 1623632 | 11/20/1990 |
| AERO TRADERONLINE.COM | 2873918 | 08/17/2004 |
| CYCLE TRADER | 2294240 | 11/23/1999 |
| CYCLE TRADER | 1627016 | 12/11/1990 |

True and correct copies of print-outs from the U.S. Patent and Trademark Office online database showing these registrations are attached as **Exhibit A**. All of these registrations constitute prima facie evidence, and those that are incontestable constitute conclusive evidence, of TPI's exclusive right to use the marks in connection with the goods and services specified in the registrations.

11.    Since the adoption of each of its TRADER Marks, TPI has made widespread and continuous use of them in connection with services offered to the public throughout the United States.

4

12.    TPI first used the AUTO TRADER mark at least as early as 1974 and has used it continuously since that time in connection with print publications distributed throughout the United States that provide advertising and information about automobiles and goods and services related to them.  A true and correct copy of the front cover of an AUTO TRADER magazine is attached as **Exhibit B**.

13.    Beginning in at least July, 1996, TPI extended use of the AUTO TRADER mark to provide advertising and information about automobiles and goods and services related to them via an online electronic communications network, featuring its offerings under the AUTO TRADER mark at its <traderonline.com> website.  A true and correct print-out of the homepage for the <traderonline.com> website is attached as **Exhibit C**.  In addition, since at least August 1999, TPI has used the AUTOTRADER.COM mark in connection with providing advertising about automobiles and goods and services related to them via an online electronic communications network at its <autotrader.com> website   A true and correct print-out of the homepage for the <autotrader.com> website is attached as **Exhibit D**.

14.    TPI first used the RV TRADER mark at least as early as March 30, 1989 and has used the RV TRADER mark continuously since that time in connection with print publications, distributed throughout the United States, that provide advertising and information about recreational vehicles and goods and

5

services related to them.  A true and correct copy of the front cover of a RV TRADER magazine is attached as **Exhibit E**.

15.    Beginning in at least December, 1996, TPI extended use of the RV TRADER mark to provide advertising and information about recreational vehicles and goods and services related to them via an online electronic communications network, featuring its offerings under the RV TRADER mark at its <rvtraderonline.com> website  A true and correct print-out of the homepage for the <rvtraderonline.com> website is attached as **Exhibit F**

16.    TPI first used the BOAT TRADER mark at least as early as June, 1976 and has used the BOAT TRADER mark continuously since that time in connection with print publications, distributed throughout the United States, that provide advertising and information about boats and goods and services related to them.  A true and correct copy of the front cover of a BOAT TRADER magazine is attached as **Exhibit G**.

17.    Beginning in at least September, 1996, TPI extended use of the BOAT TRADER mark to provide advertising and information about boats and goods and services related to them via an online electronic communications network, featuring its offerings under the BOAT TRADER mark at its <boattraderonline.com> website  A true and correct print-out of the homepage for the <boattraderonline.com> website is attached as **Exhibit H**.

6

18.    TPI first used the AERO TRADER mark at least as early as October, 1978 and has used the AERO TRADER mark continuously since that time in connection with print publications, distributed throughout the United States, that provide advertising and information about aircraft and goods and services related to them. A true and correct copy of the front cover of a AERO TRADER magazine is attached as **Exhibit I**.

19.    Beginning in at least August, 1996, TPI extended use of the AERO TRADER mark to provide advertising and information about aircraft and goods and services related to them via an online electronic communications network, featuring its offerings under the AERO TRADER mark at its <aerotraderonline.com> website. A true and correct print-out of the homepage for the <aerotraderonline.com> website is attached as **Exhibit J**.

20.    TPI first used the CYCLE TRADER mark at least as early as May 5, 1978 and has used the mark continuously since that time in connection with print publications, distributed throughout the United States, that provide advertising and information about motorcycles and goods and services related to them. A true and correct copy of the front cover of a CYCLE TRADER magazine is attached as **Exhibit K**.

21.    Beginning at least as early as November, 1996, TPI extended use of the CYCLE TRADER mark to provide advertising and information about

7

motorcycles and goods and services related to them via an online electronic communications network, featuring its offerings under the CYCLE TRADER mark at the <traderonline.com> website, as shown on the homepage of the website. (See **Exhibit C** hereto). A true and correct print-out of the homepage for the <cycletrader.com> website is attached as **Exhibit L**.

22    Since it first began using its TRADER marks, TPI has invested more than thirty years of continuous and substantial corporate efforts and millions of dollars to strengthen and promote the reliability of goods and services provided under, and identified by, its family of TRADER Marks. TPI, together with its affiliates, has spent more than $240 million in marketing in connection with its TRADER Marks in the last five years alone and has distributed over 245 million printed magazines under its TRADER family of marks in the last five years alone. Today, TPI's magazines are distributed in over 335,000 outlets, the largest paid and free distribution publication network across the United States. TRADER magazines are so well-known that they have been chosen to appear in a number of movies, including "Meet the Parents," "Dumb and Dumber," and "Joe Dirt," as well as in television shows, including "CSI Miami."

23.    In addition, TPI's websites operated in connection with the TRADER marks are extremely popular, averaging almost 30 million visitors every month Moreover, TPI's <autotrader.com> website in particular has been the subject of

8

extensive and widespread marketing and publicity and has become the Internet's leading auto classifieds marketplace and consumer information website    The Autotrader.com site aggregates in a single location more than 2.8 million vehicle listings from 40.000 dealers and 250,000 private owners, which provide the largest selection of vehicles attracting more than 11 million qualified buyers each month Because of the substantial brand recognition that the site enjoys. J.D Power & Associates has named <autotrader.com> as the number one site for used car classifieds, as well as placed it among the top online resource for new car buyers. In addition, Nielsen Net Ratings has routinely given the site top ratings positions.

24.    In short, as a result of TPI's substantial and continuous use and marketing of its TRADER Marks, the marks have become extremely well known to the public as exclusive source identifiers of TPI' s high quality reliable services The public has come to expect that marks used in connection with online advertising related to vehicles and that consist of the TRADER formative coupled with a vehicle term are associated or affiliated with, or authorized by. TPI.

## Defendants' Wrongful Acts

25.    Long after TPI's marks had become well known as source identifiers for TPI's vehicle advertising services, and after TPI had begun offering its services online in connection with the TRADER Marks, on information and belief. Defendant registered or otherwise acquired the following domain names.

9

                                        <onlinetraderads.com> on or about January 26, 2004;

                                        <onlinetraderads.net> on or about January 26, 2004;

                                        <onlineautotraderads.com> on or about January 26, 2004;

                                        <onlineautotraderads.net> on or about January 26, 2004;

                                        <onlinervtrader.net> on or about November 23, 2003,

                                        <onlineboattrader.net> on or about October 15, 2003;

                                        <onlineaerotrader.com> on or about October 15, 2003;

                                        <onlineaerotrader.net> on or about October 15, 2003, and

                                        <onlinecycletrader.net> on or about November 23, 2003

(collectively all of these domain names will be hereinafter referred to as the "Infringing Domain Names"). True and correct copies of the Whois database searches for the Infringing Domain Names, conducted on September 15, 2006, showing Domains by Proxy as the registrant are attached as **Exhibit M**. On information and belief, Defendants are the owners of the Infringing Domain Names.

      26.    On information and belief, before Defendants registered or began using the Infringing Domain Names as domain names or marks, Defendants had actual knowledge of TPI's rights and marks because of TPI's longstanding and extensive use of its family of TRADER Marks and because of its online presence. On information and belief, Defendants had actual knowledge of TPI's rights and

marks because, on their various websites, Defendants repeatedly refer to themselves as "AUTO TRADER" "RV TRADER" "BOAT TRADER" "AERO TRADER" and "CYCLE TRADER," names identical to TPI's TRADER Marks True and correct copies of the homepages for <onlineautotraderads.net>. <onlinervtrader.net>,    <onlineboattrader.net>,    <onlineaerotrader.net>,    and <onlinecycletrader.net> evidencing these references are attached as **Exhibits N-R** Defendants are also charged with knowledge of TPI's rights because of TPI's multiple trademark registrations.

27.    On information and belief, Defendants registered the Infringing Domain Names with the intent of developing sites designed to compete with TPI and designed intentionally to attempt to attract for commercial gain Internet users to its sites by creating a likelihood of confusion with TPI's AUTO TRADER. TRADER ONLINE, RV TRADER, RV TRADERONLINE.COM. BOAT TRADER, BOAT TRADERONLINE.COM, AERO TRADER, AERO TRADERONLINE.COM, and CYCLE TRADER marks.

28.    Sometime after registering the <onlinetraderads.net> and <onlinetraderads.com> domain names, Defendants began operating a website under those domain names in direct competition with TPI. Currently, when an Internet user types in <onlinetraderads.net> or <onlinetraderads com>. which points to <onlinetraderads.net>, he or she reaches a website that prominently

11

displays ONLINE TRADER ADS. A true and correct copy of the homepage associated with the <onlinetraderads.net> and <onlinetraderads.com> domain names is attached as **Exhibit S**. On information and belief, Defendants offer online advertising services to individual owners and dealers of various types of vehicles, including cars, RV's, boats, aircraft, and motorcycles. The <onlinetraderads.net> site acts as a home page that provides links to Defendants' other sites, including <onlineautotraderads.net>, <onlineboattrader.net>, <onlinervtrader.net>, <onlineaerotrader.net>, and <onlinecycletrader.net>. (See **Exhibit S**).

29.    Defendants also prominently display and refer to themselves as ONLINE TRADER on various pages on its <onlinetraderads.net> website, the exact inverse of TPI's TRADER ONLINE mark. See attached **Exhibit T** for a true and correct print-out of the page that appears when one clicks on "About Us" on Defendants' <onlinetraderads.net> homepage.    Defendants' use of ONLINE TRADER in connection with services virtually identical to the type of services offered by TPI under the TRADER ONLINE mark is deceiving, confusing, and misleading TPI's customers into believing that the company operating the website at <onlinetraderads.net> is affiliated with, sponsored by, or otherwise connected to TPI.

US2000 6493673 6

30.     Sometime after registering the <onlineautotraderads net> and <onlineautotraderads.com> domain names, Defendants began operating a website in direct competition with TPI.   Currently, when an Internet user types in <onlineautotraderads.net> or <onlineautotraderads.com>, which points to <onlineautotraderads.net>, he or she reaches a website that prominently displays ONLINE AUTO TRADER ADS.  On information and belief, Defendants offer online advertising services to individual owners and dealers of various types of automobiles.  (See **Exhibit N** hereto).

31.     Defendants also prominently display TPI's AUTO TRADER mark in connection with their online advertising services and refer to themselves as AUTO TRADER on the <onlineautotraderads.net> website.   (See **Exhibit N** hereto). Defendants' unauthorized use of TPI's AUTO TRADER mark in connection with services virtually identical to the type of services offered by TPI under its AUTO TRADER mark is deceiving, confusing, and misleading TPI's customers into believing that the company operating the website at <onlineautotraderads net> is affiliated with, sponsored by, or otherwise connected to TPI

32.     Sometime after registering the <onlinervtrader net> domain name, Defendants also began operating a website under that domain name in direct competition with TPI.   Currently, when an Internet user types in <onlinervtrader.net>, he or she reaches a website that prominently displays

13

ONLINE RV TRADER. On information and belief, Defendants offer online advertising services to individual owners and dealers of various types of recreational vehicles. (See **Exhibit O** hereto).

33.    Defendants also prominently display TPI's RV TRADER mark in connection with their online advertising services and refer to themselves as RV TRADER on the <onlinervtrader.net> website. (See **Exhibit O** hereto). Defendants' unauthorized use of TPI's RV TRADER mark in connection with services virtually identical to the type of services offered by TPI under its RV TRADER mark is deceiving, confusing, and misleading TPI's customers into believing that the company operating the website at <onlinervtrader.net> is affiliated with, sponsored by, or otherwise connected to TPI

34.    Sometime after registering the <onlineboattrader.net> domain name Defendants began operating another website under that domain name in direct competition with TPI. Currently, when an Internet user types in <onlineboattrader.net>, he or she reaches a website that prominently displays ONLINE BOAT TRADER. On information and belief, Defendants offer online advertising services to individual owners and dealers of various types of boats and personal watercraft. (See **Exhibit P** hereto).

35.    Defendants also prominently display TPI's BOAT TRADER mark in connection with their online advertising services and refer to themselves as BOAT

14

TRADER on the <onlineboattrader.net> website.    (See **Exhibit P** hereto).
Defendants' unauthorized use of TPI's BOAT TRADER mark in connection with
services virtually identical to the type of services offered by TPI under its BOAT
TRADER mark is deceiving, confusing, and misleading TPI's customers into
believing that the company operating the website at <onlineboattrader.net> is
affiliated with, sponsored by, or otherwise connected to TPI

36.    Sometime    after    registering    the    <onlineaerotrader.net>    and
<onlineaerotrader.com> domain names. Defendants began operating a website
under those names in direct competition with TPI.    Currently, when an Internet
user types in <onlineaerotrader.net> or <onlineaerotrader.com>, which points to
<onlineaerotrader.net>, he or she reaches a website that prominently displays
ONLINE AERO TRADER.    On information and belief, Defendants offer online
advertising services to individual owners and dealers of various types of aircraft
(See **Exhibit Q** hereto).

37.    Defendants also prominently display TPI's AERO TRADER mark in
connection with their online advertising services and refer to themselves as AERO
TRADER on the <onlineaerotrader.net> website.    (See **Exhibit Q** hereto)
Defendants' unauthorized use of TPI's AERO TRADER mark in connection with
services virtually identical to the type of services offered by TPI under its AERO
TRADER mark is deceiving, confusing, and misleading TPI's customers into

15

LS2005 9445679 5

believing that the company operating the website at <onlineaerotrader.net> is affiliated with, sponsored by, or otherwise connected to TPI

38    Finally, sometime after registering the <onlinecycletrader net> domain name, Defendants began operating a website under that domain name in direct competition with TPI.    Currently, when an Internet user types in <onlinecycletrader.net>, he or she reaches a website that prominently displays ONLINE CYCLE TRADER. On information and belief, Defendants offer online advertising services to individual owners and dealers of various types of motorcycles and off road vehicles. (See **Exhibit R** hereto)

39.    Defendants also prominently display TPI's CYCLE TRADER mark in connection with their online advertising services and refer to themselves as CYCLE TRADER on the <onlinecycletrader.net> website.    (See **Exhibit R** hereto).    Defendants' unauthorized use of TPI's CYCLE TRADER mark in connection with services virtually identical to the type of services offered by TPI under its CYCLE TRADER mark is deceiving, confusing, and misleading TPI's customers into believing that the company operating the website at <onlinecycletrader.net> is affiliated with, sponsored by, or otherwise connected to TPI.

40.    On information and belief. Defendants target their services offered on Defendants' infringing websites to dealers and individual buyers and sellers

16

located in Georgia, as well as throughout the United States. For example, see attached **Exhibits U-V** for true and correct copies of pages from Defendants' <onlinervtrader.net> and <onlineboattrader.net> websites showing listings of vehicles located in Georgia.

41.     Defendants' Infringing Domain Names are confusingly similar to TPI's family of TRADER Marks because they contain the exact terms common to TPI's family of TRADER Marks.

42     Defendants'   <onlinetraderads.com>   and   <onlinetraderads net> domain names are specifically confusingly similar to TPI's TRADER ONLINE mark because they contain the exact terms common to TPI's TRADER ONLINE mark, only reversing the terms. Further, the addition of the word "ads" to the domain name does not serve to distinguish or differentiate the <onlinetraderads.com> or <onlinetraderads.net> domain names from TPI's TRADER ONLINE mark. In fact, the addition makes confusion more likely because TPI's TRADER Marks are used in connection with advertising services.

43.     Defendants'                    <onlineautotraderads.com>                    and <onlineautotraderads.net> domain names are confusingly similar to TPI's AUTO TRADER and AUTO TRADER.COM marks because they both contain TPI's registered AUTO TRADER mark in their entirety and Defendants' <onlineautotraderads.com> domain name contains TPI's registered

17

AUTOTRADER.COM mark in its entirety.  Further, these domain names are also confusingly similar to TPI's TRADER ONLINE mark because they contain the exact terms common to TPI's TRADER ONLINE mark, only reversing the terms The addition of the word "ads" to the domain names does not serve to distinguish or differentiate Defendants' <onlineautotraderads.com> or <onlineautotraderads.net> domain names from TPI's AUTO TRADER, AUTO TRADER.COM, and TRADER ONLINE marks.  In fact, the addition makes confusion more likely because TPI's TRADER Marks are used in connection with advertising services.

44    Defendants' <onlinervtrader.net> domain name is confusingly similar to TPI's RV TRADER mark  because it contains TPI's registered RV TRADER mark in its entirety.  Defendants' <onlinervtrader.net> is also confusingly similar to TPI's RV TRADERONLINE.COM mark because it contains the exact terms common to TPI's registered RV TRADERONLINE.COM mark, only reversing the terms.

45.    Defendants' <onlineboattrader.net> is confusingly similar to TPI's BOAT TRADER mark because it contains TPI's registered BOAT TRADER mark in its entirety.  Defendants' <onlineboattrader.net> is also confusingly similar to TPI's BOAT TRADERONLINE.COM mark because it contains the exact terms common to TPI's BOAT TRADERONLINE.COM mark, only reversing the terms.

18

46.   Defendants' <onlineaerotrader.com> and <onlineaerotraderads net> domain names are confusingly similar to TPI's AERO TRADER mark because they contain TPI's registered AERO TRADER mark in their entirety. Defendants' <onlineaerotrader.com> and <onlineaerotrader.net> domain names are also confusingly similar to TPI's AERO TRADERONLINE.COM mark because they contain the exact terms common to TPI's AERO TRADERONLINE.COM mark, only reversing the terms.

47.   Defendants' <onlinecycletrader.net> domain name is confusingly similar to TPI's CYCLE TRADER mark because it contains TPI's registered CYCLE TRADER mark in its entirety.

48.   By registering the Infringing Domain Names and operating websites at the same, Defendants are intentionally seeking to cause confusion and trade on TPI's goodwill in its AUTO TRADER, AUTO TRADER.COM, TRADER ONLINE. RV TRADER, RV TRADERONLINE.COM, BOAT TRADER, BOAT TRADERONLINE.COM, AERO TRADER. AERO TRADERONLINE COM, and CYCLE TRADER marks in order to reap undeserved profits.

49.   Moreover, Defendants' unauthorized use of TPI's AUTO TRADER, RV TRADER, BOAT TRADER, AERO TRADER, and CYCLE TRADER marks and confusingly similar imitations of TPI's registered TRADER Marks on the websites associated with the Infringing Domain Names in connection with services

19

that are virtually identical to the services offered by TPI constitutes an intentional attempt to cause confusion and trade on TPI's goodwill in its AUTO TRADER, AUTO TRADER.COM, TRADER ONLINE, RV TRADER, RV TRADERONLINE.COM, BOAT TRADER, BOAT TRADERONLINE.COM, AERO TRADER, AERO TRADERONLINE.COM, and CYCLE TRADER marks in order to reap undeserved profits.

50.    Defendants' use of marks that are identical to and confusingly similar to TPI's TRADER Marks is deceiving the public, causing irreparable harm and damage to TPI, and unlawfully generating income for Defendants

**COUNT I**
**FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT**

51    TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 50 as if set forth fully herein.

52    Defendants' unauthorized use of TPI's registered AUTO TRADER, BOAT TRADER, RV TRADER, AERO TRADER, and CYCLE TRADER marks is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that its business and services are affiliated, connected, or associated with TPI or have the sponsorship, endorsement, or approval of TPI, all in violation of 15 U.S C. § 1114.

53.    Defendants' unauthorized use of confusingly similar imitations of TPI's registered TRADER Marks in the Infringing Domain Names and on their

20

respective websites is causing and is likely to cause confusion. deception, and mistake by creating the false and misleading impression that its business and services are affiliated, connected, or associated with TPI or have the sponsorship, endorsement, or approval of TPI, all in violation of 15 U.S.C. § 1114.

54.    Defendants' unauthorized use of TPI's registered AUTO TRADER. BOAT TRADER, RV TRADER, AERO TRADER, and CYCLE TRADER marks. notwithstanding its constructive notice and likely actual knowledge of TPI's ownership of the TRADER Marks, demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of TPI's AUTO TRADER, BOAT TRADER. RV TRADER, AERO TRADER, and CYCLE TRADER marks and to cause confusion, deception, and mistake in the minds of TPI's customers and potential customers to the great and irreparable injury of TPI.    Defendants have been unjustly enriched thereby.

55.    Defendants' unauthorized use of confusingly similar imitations of TPI's registered TRADER Marks in the Infringing Domain Names and on their respective websites, notwithstanding its constructive notice and likely actual knowledge of TPI's ownership of the TRADER Marks, demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of TPI's TRADER Marks and to cause confusion, deception, and mistake in the minds of TPI's

customers and potential customers to the great and irreparable injury of TPI.
Defendants have been unjustly enriched thereby.

56.    Because Defendants' infringing conduct is causing and is likely to
cause substantial injury to the public and to TPI, TPI is entitled to injunctive relief,
and to recover Defendants' trebled profits, TPI's costs, and TPI's reasonable
attorney's fees pursuant to 15 U.S C. § 1117.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**

57.    TPI repeats and incorporates by reference the allegations contained in
Paragraphs 1 through 50 as if set forth fully herein.

58.    Defendants' unauthorized use of TPI's registered AUTO TRADER.
BOAT TRADER, RV TRADER, AERO TRADER, and CYCLE TRADER marks
and confusingly similar imitations of TPI's TRADER Marks is causing and is
likely to cause confusion, deception, and mistake by creating the false and
misleading impression that Defendants' online business is affiliated, connected, or
associated with TPI or has the sponsorship, endorsement, or approval of TPI, in
violation of 15 U.S.C. § 1125(a).

59    Defendants' unauthorized use of confusingly similar imitations of
TPI's    electronic    URL    addresses,    including    its    <autotrader.com>,
<traderonline.com>,    <rvtraderonline.com>,    <boattraderonline.com>,    and
<aeortraderonline.com> domain names, among others, is causing and is likely to

22

cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' online business is affiliated, connected, or associated with TPI or has the sponsorship, endorsement, or approval of TPI, in violation of 15 U.S.C. § 1125(a).

60.   Defendants' actions demonstrate an intentional, willful, and bad faith intent to trade on TPI's goodwill and to cause confusion, deception, and mistake in the minds of TPI's customers and potential customers by implying a nonexistent affiliation or relationship between Defendants and TPI to the great and irreparable injury of TPI.

61.   Because Defendants' unfair competition is causing and is likely to cause substantial injury to the public and to TPI, TPI is entitled to injunctive relief, and to recover Defendants' trebled profits, TPI's costs, and TPI's reasonable attorney's fees pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT III
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

62.   TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 50 as if set forth fully herein.

63.   By registering and using the Infringing Domain Names, Defendants have registered, trafficked in, and used domain names that are confusingly similar to TPI's TRADER Marks.

23

64.     Defendants registered the Infringing Domain Names and have used them with the intent to divert consumers form TPI's online locations to websites accessible under domain names that could harm the goodwill represented by TPI's TRADER Marks. Defendant registered the Infringing Domain Names with the bad faith intent to profit by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the website.

65.     Defendants' actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

66.     The unauthorized registration and use of the Infringing Domain Names has caused, and unless preliminarily and permanently enjoined, Defendants' registration and continued use of the Infringing Domain Names will continue to cause, irreparable injury to TPI and to the goodwill associated with TPI's TRADER Marks.

67.     Because Defendants' infringing conduct is causing and is likely to cause substantial injury to the public and to TPI, TPI is entitled to injunctive relief, and to recover either statutory damages under 15 U.S.C § 1117(d) or Defendants' trebled profits, together with TPI's costs and TPI's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT IV
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

68.    TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 50 as if set forth fully herein.

69.    Defendants have used identical imitations of TPI's registered AUTO TRADER, BOAT TRADER, RV TRADER, AERO TRADER, and CYCLE TRADER marks with full knowledge of TPI's rights to those marks and with the willful and calculated purpose of trading upon TPI's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by TPI, for the purpose of misleading and deceiving the public.

70.    Defendants have used confusingly similar imitations of TPI's TRADER Marks with full knowledge of TPI's rights to those marks and with the willful and calculated purpose of trading upon TPI's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by TPI, for the purpose of misleading and deceiving the public.

71.    Defendants have used confusingly similar imitations of TPI's electronic URL addresses, including its <autotrader.com>, <traderonline com>, <rvtraderonline.com>, <boattraderonline.com>, and <aerotraderonline.com>, domain names, among others, with full knowledge of TPI's rights to those addresses, and with the willful and calculated purpose of trading upon TPI's established goodwill and business reputation, and in a manner calculated to imply

USDoc994959878 5

false sponsorship of or approval by TPI, for the purpose of misleading and deceiving the public.

72.    Defendants' conduct constitutes infringement of TPI's common law rights to the TRADER Marks and has damaged and will continue to damage irreparably TPI's goodwill and reputation unless restrained by this Court.

73.    Independent of its liability for common law infringement, Defendants also engaged in unfair competition under the common law of Georgia and the other states in which it has engaged in its activities through its attempted reliance on consumer mistakes and confusion, and its deliberate efforts to poach upon TPI's goodwill.

74.    TPI has no adequate remedy at law for remedying Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, TPI prays:

1    That Defendants, their partners, agents, employees, and all persons in active concert or participation with Defendants, be permanently enjoined and restrained from:

(a)    registering or using the domain names <onlinetraderads com>, <onlinetraderads.net>, <onlineautotraderads com>, <onlineautotraderads net>, <onlinervtrader.net>,

26

<onlineboattrader.net>, <onlineaerotrader.com>, <onlineaerotrader.net>, and <onlinecycletrader.net> and any trademark, company name, or domain name, including but not limited to AUTO TRADER, AUTO TRADER.COM, TRADER ONLINE, RV TRADER, RV TRADERONLINE.COM, BOAT TRADER, BOAT TRADERONLINE.COM, AERO TRADER, AERO TRADERONLINE.COM, and CYCLE TRADER, that is confusingly similar to any of Plaintiff's TRADER Marks;

(c)     passing off to the public that Defendants' business or products or services are those of or originate with Plaintiff;

(d)     using as a metatag in connection with Defendants' websites any of Plaintiff's TRADER Marks, or any term confusingly similar to any of Plaintiff's TRADER Marks, or any term that is calculated to generate, or benefit from, confusion among customers for TPI's goods and services;

(e)     engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' online business, products, or services with or by Plaintiff; and

US2000 8495679 5

(f)     otherwise infringing upon any of the marks comprising Plaintiff's TRADER Marks or unfairly competing with TPI in any manner whatsoever.

2   That Defendants be ordered to transfer and assign to TPI the <onlinetraderads.com>, <onlinetraderads.net>, <onlineautotraderads.com>, <onlineautotraderads.net>, <onlinervtrader.net>, <onlineboattrader.net>, <onlineaerotrader.com>, <onlineaerotrader.net>,   and <onlinecycletrader net> domain names.

3   That an accounting be ordered and judgment be rendered against Defendants for all profits received from the sale, rental, or provision of products or services in connection with, or advertised or promoted in any manner with the infringing <onlinetraderads.com>, <onlinetraderads.net>, <onlineautotraderads.com>, <onlineautotraderads.net>, <onlinervtrader.net>, <onlineboattrader.net>, <onlineaerotrader com>, <onlineaerotrader.net>,   and <onlinecycletrader.net> domain names and confusingly similar imitations of TPI's TRADER Marks.

4   That the award of profits resulting from Defendants' infringement, unfair competition, and false designation of origin of products and services be trebled

5.  That Plaintiff recovers its actual damages.

28

6    That the award of actual damages from Defendants' infringement, unfair competition, and false designation of origin of products and services be trebled.

7    That Plaintiff recover statutory damages under 15 U S.C. § 1117(d) in the amount of $100,000 per infringing domain name.

8    That Defendants be required to deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type that Defendants use for promotion and sale, including the software, plates, molds, or other means of producing the materials, which bear references to TPI's TRADER Marks, confusingly similar imitations of TPI's TRADER Marks, or to the <onlinetraderads.com>, <onlinetraderads net>, <onlineautotraderads com>, <onlineautotraderads.net>, <onlinervtrader net>, <onlineboattrader.net>, <onlineaerotrader.com>, <onlineaerotrader.net>,   and <onlinecycletrader.net> domain names.

9    That Defendants be directed to file with the Court and serve on TPI, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

10  That Plaintiff be awarded its costs in connection with this suit, including reasonable attorneys' fees and expenses.

11  That Plaintiff have such other and further relief as the Court may deem just and proper.

Judith A. Powell
Georgia Bar No  586125
Sara Maurer
Georgia Bar No. 159056
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia  30309
(404) 815-6500  (telephone)
(404) 815-6555  (facsimile)

Attorneys for Plaintiff

30